United States District Court
Southern District of Texas
**ENTERED**
August 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALEB AARON CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00117 |
| | § | |
| BEE COUNTY JAIL MEDICAL PROVIDER, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO RETAIN CASE AND DISMISS CERTAIN CLAIMS**

Plaintiff Caleb Aaron Chapman, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated Eighth Amendment claims seeking monetary relief against **Family Nurse Practitioner Mercedita Flynn (FNP Flynn) and Nurse Joyce** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these defendants.

For the reasons set forth below, the undersigned respectfully recommends further that: (1) Defendants Bee County Jail Medical Provider and Bee County Jail be **DISMISSED without prejudice**; (2) Plaintiff's claims against Defendants in their official

capacities be **DISMISSED with prejudice**; (3) Plaintiff's claims seeking injunctive relief against Defendants be **DISMISSED with prejudice** as **moot**; and (4) Plaintiff's remaining claims against the remaining Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at the Kyle Unit in Kyle, Texas. Plaintiff's allegations arise in connection with his previous confinement at the Bee County Jail. In his Original Complaint, Plaintiff sued: (1) the Bee County Jail Medical Provider; (2) Bee County Jail Nurse Joyce; and (3) the Bee County Jail. (D.E. 1, pp. 1, 3). Plaintiff claimed that Defendants discriminated against him by denying him access to certain medications. Plaintiff sought help with his lawsuit.

At the Court's direction, Plaintiff has filed an Amended Complaint, in which he sues the following defendants in their individual and official capacities: (1) FNP Flynn; (2) Nurse Joyce; (3) Captain Freddie Bullock (Bullock); and (4) Sheriff Anson Southmade (Southmade) (collectively "Defendants"). (D.E. 14, pp. 1, 3). Because the Amended

Complaint is now the operative pleading in this case, the undersigned recommends that Defendants Bee County Jail Medical Provider and Bee County Jail be dismissed without prejudice.

In addition to his discrimination claim, Plaintiff has added claims that FNP Flynn and Nurse Joyce acted with deliberate indifference to his serious medical needs and that Bullock and Southmade failed to resolve Plaintiff's grievance in his favor. (*Id.* at 3-4, 6-7). Plaintiff seeks monetary and unspecified injunctive relief. (*Id.* at 4).

Plaintiff alleges the following pertinent facts in his Amended Complaint. On May 4, 2022, Plaintiff was arrested and taken into custody at the Bee County Jail. (D.E. 14, p. 4). Plaintiff informed Nurse Joyce about his medical issues, including the fact he had been prescribed a non-narcotic medication named Vivitrol/Naltrexone to treat opioid cravings. (*Id.* at 4, 6). This medication was prescribed to Plaintiff by Dr. Ahoronov on February 1, 2022, (*Id.* at 4, 6-7).[1] Plaintiff's doctor directed Plaintiff to take this medication "all his life" to treat his "opioid disorder/disease," unless his liver becomes affected. (*Id.* at 6). Despite the fact that Plaintiff's prescription was on file, FNP Flynn and Nurse Joyce denied Plaintiff his medication from May 4 through May 14, 2022. (*Id.* at 4).

On May 4, 2022, Abraham Anzoldua (Anzoldua) also was taken into custody at the Bee County Jail. (*Id.* at 6). Nurse Joyce brought him his narcotic medication "Syboxin"

---

[1] According to Plaintiff, Dr. Ahoronov apparently was an "Academy Award Winner in Specialized Medicine." (D.E. 14, p. 6).

every morning since he was booked into the Jail. (*Id.*). FNP approved the medication for Anzoldua to take at the jail. (*Id.*).

Plaintiff filed a grievance on May 9, 2022, threatening to file a civil action. (*Id.* at 4). On May 15 or 16, 2022, Plaintiff began receiving his medication. (*Id.*). Plaintiff was given his medication until July 6, 2022. (*Id.*). Nurse Joyce and FNP Flynn communicated to Plaintiff that probation had sent them a letter instructing them to take Plaintiff off the medication. (*Id.*). Plaintiff, therefore, was taken off the medication on July 6, 2022 until the present day. (*Id.*).

On July 14, 2022, FNP Flynn ordered Nurse Joyce to take Plaintiff's blood. (*Id.* at 6). The bloodwork revealed Plaintiff's liver and kidneys to be healthy. (*Id.*). When Plaintiff asked FNP Flynn why his medication was taken away, FNP Flynn responded that the medication was removed so that his organ would not be adversely affected and due the letter from probation ordering her to do so. (*Id.*). At some point after being taken into custody and denied his medication, Plaintiff filed grievances with Bullock and Southmade. (*Id.*). Plaintiff did not get an answer to his grievances from May 4, 2022 through July 17, 2022. (*Id.*).

Plaintiff states that he has suffered mental anguish, depression, insomnia, and anxiety during the time period he was denied his prescribed medication. (*Id.* at 4, 6). Plaintiff further states that he suffered physically as well, including having headaches. (*Id.* at 6). Nurse Joyce told Plaintiff he was crazy and did not need the medication. (*Id.*).

Plaintiff states that after three months of mental abuse at the Bee County Jail, he was referred to a mental health jail diversion program identified by him as "MHMR." (*Id.*). Plaintiff does not wish to attend MHMR and instead wants his prescribed medication to treat his opioid disease. (*Id.*). Plaintiff has been an addict for twenty years. (*Id.*). Plaintiff states that he needs the medication to keep him off Fentanyl or heroine which would result in his death. (*Id.*).

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly,* 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the

improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, it is effectively a suit against the officials' office, Bee County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Bee County on behalf of the individual defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against Bee County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving

force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite in his Amended Complaint any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities be dismissed with prejudice.

**B. Injunctive Relief**

Plaintiff's transfer from the Bee County Jail into TDCJ custody and placement at the Kyle Unit renders moot any such claims seeking injunctive relief in this case. *See Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)); *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017); *King v. TDCJ*, No 3:15-CV-1365, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016). Accordingly, the undersigned respectfully recommends that his claims for injunctive relief against Defendants be dismissed with prejudice.

**C. Deliberate Indifference**

It is not entirely unclear whether Plaintiff was confined at the Bee County Jail as a pretrial or post-trial detainee at the time the events of this action occurred. Regardless whether Plaintiff is deemed to be a pretrial or post-trial detainee, the Fifth Circuit Court of Appeals has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic

human needs, including medical care and protection from harm, during their confinement." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). Following *Hare*, the Fifth Circuit further explained that "[w]hen the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) *Farmer*, 511 U.S. at 834. In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL

1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

Although inadequate medical treatment may rise to the level of a constitutional violation, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citations omitted).

Plaintiff claims that Nurse Joyce and FNP Flynn acted with deliberate indifference to his serious medical needs by taking away his medication to treat his serious opioid addiction disease. Plaintiff alleges that:

- Plaintiff has been addicted to drugs for twenty years.

- On February 1, 2022, Dr. Ahoronov prescribed Plaintiff with a non-narcotic medication named Vivitrol/Naltrexone to treat his opioid addiction disorder.

- FNP Flynn and Nurse Joyce originally denied Plaintiff his prescribed medication for ten days after he was taken into custody on May 4, 2020 at the Bee County Jail.

- After filing a grievance, Plaintiff began receiving his medication on May 15 or 16, 2022.

- Plaintiff was subsequently denied his medication on July 6, 2022.

- FNP Flynn and Nurse Joyce communicated to Plaintiff that probation had sent them a letter instructing them to take Plaintiff off the medication as of July 6, 2022.

- On July 14, 2022, FNP Flynn ordered Nurse Joyce to take Plaintiff's blood.

- While the bloodwork revealed Plaintiff's liver and kidneys to be healthy, FNP Flynn informed Plaintiff that his medication was removed so that his organs would not be adversely affected and due to probation's letter ordering her to do so.

- After three months of mental abuse at the Bee County Jail, Plaintiff was referred to a mental health jail diversion program identified by him as "MHMR."

- During the time periods he was denied his prescribed medication, Plaintiff suffered emotionally, psychologically, and physically.

(D.E. 14, pp. 4, 6-7).

Plaintiff's allegations, accepted as true, suggest that FNP Flynn and Nurse Joyce may have acted with deliberate indifference to Plaintiff's serious medical needs by taking away for lengthy periods of time Plaintiff's medication, which had been prescribed by a doctor, to treat his severe and long-term opioid addiction disease. Accordingly, the undersigned recommends that Plaintiff's deliberate indifference claims seeking monetary relief against FNP Flynn and Nurse Joyce be retained against them in their individual capacities.

**D. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and citations omitted); *see Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). To establish an Equal Protection Clause violation, a plaintiff must prove "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (internal quotation marks and citation omitted); *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007).

A class of one claim for equal protection alleges differential treatment that is not based on membership in a suspect class or on the infringement of a fundamental right. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *Wood*, 836 F.3d at 539. Such a claim requires the plaintiff to show that "(1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Id.* (internal quotation marks and citation omitted).

A plaintiff must show "that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002)). "'[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws.'" *Little v. Texas Attorney General*, No. 3:14-CV-3089-D, 2015 WL 5613321 at *6 (N.D. Tex. Sept. 24, 2015) (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997)).

Liberally construed, Plaintiff claims that his equal protection rights under a "class of one" theory were violated when he was treated less favorably than another inmate, Anzoldua, who was allowed to continue receiving his medication at the Bee County Jail for his addiction. Plaintiff's allegations regarding his equal protection claim, however, are conclusory and are based solely on his personal, subjective belief that he was treated differently than another inmate.

While alleging that FNP Flynn approved a narcotic medication for Anzoldua, Plaintiff provides no specific facts regarding Anzoldua's specific drug addiction or how they were similarly situated as to their specific addictions and the need for certain medications. Plaintiff alleges no facts to suggest that FNP Flynn or Nurse Joyce acted with a discriminatory purpose toward Plaintiff or that any such differential medical treatment of Plaintiff and Anzoldua otherwise had no rational basis. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir.1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim; *Alvarez v. Bergt*, No. 5:16cv39, 2016 WL 11200944, at *6 (E.D. Tex. Aug. 10, 2016) (recognizing that, in order to state a "'class of one' equal protection claim," plaintiff must allege facts "showing any such differential treatment had no rational basis"). Accordingly, it is respectfully recommended that Plaintiff's equal protection claim against FNP Flynn and Nurse Joyce be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

**E. Grievance Process**

Plaintiff alleges that he filed grievances with Bullock and Southmade regarding the taking of his medication but that he never received an answer to the grievances from May 4, 2022 through July 17, 2022. (D.E. 14, p. 6). Liberally construed, Plaintiff appears to claim that Bullock and Southmade failed to resolve his grievances in his favor. However, a prisoner does not have a constitutional right to a grievance procedure and, therefore, has no due process liberty interest right to having his grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, the undersigned

respectfully recommends that Plaintiff's claims against Bullock and Southmade with respect to the grievance process be dismissed as frivolous and/or for failure to state a claim for relief.

## V. RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court **RETAIN** Plaintiff's Eighth Amendment claims seeking monetary relief against **FNP Flynn and Nurse Joyce** in their individual capacities. The undersigned will order service as to these defendants by separate order.

The undersigned further respectfully recommends that: (1) Defendants **Bee County Jail Medical Provider and Bee County Jail** be **DISMISSED without prejudice**; (2) Plaintiff's claims against Defendants in their official capacities be **DISMISSED with prejudice**; (3) Plaintiff's claims seeking injunctive relief against Defendants be **DISMISSED with prejudice** as **moot**; and (4) Plaintiff's remaining claims against the remaining Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted on August 23, 2022.

Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).